REISSUED FOR PUBLICATION

JUN 1 2021

OSM

U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 19-632V**
**Filed: May 3, 2021**
UNPUBLISHED

---

|  |  |
|---|---|
| MARISSA SHEPPARD, | |
| Petitioner, | Special Master Horner |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Interim Attorneys' Fees and Costs; Withdrawing Attorney |
| Respondent. | |

---

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 29, 2021, petitioner's counsel, Diana Stadelinkas, filed a motion for interim attorneys' fees and costs in connection with a previously-filed motion to withdraw as attorney of record. (ECF Nos. 34, 36.) For the reasons discussed below, petitioner's motion for interim attorneys' fees and costs is GRANTED and petitioner is awarded $36,256.30.

### I. Procedural History

On April 30, 2019, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that as a result of her September 19, 2017 influenza ("flu") vaccination that she suffered mixed connective tissue disease ("MCTD") that was caused or aggravated by her vaccination. (Pet.) Respondent recommended that entitlement to compensation be denied in this case. (ECF No. 30.)

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

In March of 2021, petitioner's counsel filed both a motion for interim attorneys' fees and costs and a motion to withdraw as attorney of record. (ECF Nos. 34, 36.) In the motion to withdraw, petitioner's counsel stated that there are irreconcilable differences between attorney and client. (ECF No. 34, p. 1.) In the motion for interim fees, petitioner requests $34,242.90 in interim attorneys' fees and $2,013.40 in interim attorneys' costs, for a total award of $36,256.30 in interim attorneys' fees and costs to departing counsel. (ECF Nos. 36-1, 36-2.)

In her motion for interim attorneys' fees and costs, petitioner did not initially address whether this case was brought in good faith or had a reasonable basis for the filing of the petition. (ECF No. 36.) Respondent subsequently filed an opposition to petitioner's motion. (ECF No. 38.) Respondent asserts that petitioner did not have a reasonable basis for filing her claim and also that counsel's withdrawal alone is not a sufficient basis for awarding interim fees. (*Id.*) With regard to reasonable basis, respondent contends that petitioner's alleged diagnosis of MCTD has not been established and that petitioner's medical records are insufficient to provide the requisite medical opinion establishing a causal theory, a logical sequence of cause and effect, or a temporal association, connecting vaccination and injury.

In reply, petitioner explained that her medical records reflect that she contemporaneously reported her alleged vaccine-related symptoms to her treating physicians and was seen by multiple specialists, including a rheumatologist, leading to a working diagnosis of MCTD. Petitioner also stresses a relevant history of settlement of prior cases within the program. (ECF No. 39.)

Petitioner's motion for interim attorneys' fees and costs is now ripe for resolution.

## II.    Good Faith and Reasonable Basis

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs*., 515 F.3d 1343, 1352 (Fed. Cir. 2008). In order to qualify for an award of interim attorneys' fees and costs, the good faith and reasonable basis requirements must be satisfied. (*Id.*)

"Good faith" is a subjective standard. *Hamrick v. Sec'y of Health & Human Servs*., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs*., No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). "Reasonable basis," however, is an objective standard. Unlike the good faith inquiry, reasonable basis requires more than just petitioner's belief in his claim. *See Turner*, 2007 WL 4410030, at *6. Instead, a reasonable basis analysis "may include an examination of a number of objective factors,

such as the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Human Servs*., 138 Fed. Cl. 282, 289 (2018); *accord Cottingham v. Sec'y of Health & Human Servs*., 971 F.3d 1337 (Fed. Cir. 2020). "More than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham,* 917 F.3d at 1346.

Prior decisions by special masters have confirmed that the condition at issue here, MCTD, is a recognized autoimmune condition. *E.g.*, *Roby v. Sec'y of Health & Human Servs.,* No. 15-125V, 2020 WL 6240619 (Fed. Cl. Spec. Mstr. Sept. 10, 2020); *Sheets v. Sec'y of Health & Human Servs.,* No. 16-1173V, 2019 WL 2296212 (Fed. Cl. Spec. Mstr. Apr. 30, 2019). However, prior petitioners have been unsuccessful in seeking to come forward with evidence demonstrating that this condition can be caused or aggravated by the influenza vaccine. *E.g.*, *S.E.H. v. Sec'y of Health & Human Servs.,* No. 15-260V, 2018 WL 6920509 (Fed. Cl. Spec. Mstr. Dec. 20, 2018) (special master denying entitlement after conducting a hearing); *see also Clark v. Sec'y of Health & Human Servs*., No. 18-1673V, 2020 WL 1816095 (Fed. Cl. Spec. Mstr. Mar. 17, 2020) (pro se petitioner unable to substantiate her claim). Nonetheless, reasonable basis was previously found to be present where the petitioner did ultimately come forward with expert support for her claim but failed to prove by preponderant evidence that the flu vaccine caused MCTD.[2]  *S.E.H. v. Sec'y of Health & Human Servs*., No. 15-260V, 2019 WL 3239462 (Fed. Cl. Spec. Mstr. June 18, 2019).

Here, there is no reason to doubt the claim was brought in good faith. Moreover, petitioner filed medical records that provide some objective evidence supporting her claim. As respondent stresses, petitioner's correct diagnosis remains unresolved; however, petitioner has demonstrated that her medical records reflect that her treating physicians have arrived at a working diagnosis of connective tissue disease, which, as discussed above is recognized as an autoimmune condition and is the condition alleged in her petition. (Ex. 4, pp. 11-13; Ex. 5, pp. 33-34.) Petitioner also stresses that in September of 2017 she was positive for ANA (anti-nuclear antibodies) and that her rheumatologist subsequently relied on this finding in supporting the MCTD working diagnosis. (Ex. 5, pp. 54-58; Ex. 4, pp. 7, 11.) Positive ANA has been previously observed to be a "first clue" in diagnosis MCTD. *S.E.H.*, 2018 WL 6920509, at *29.

Moreover, notwithstanding her complicated prior medical history, petitioner's medical records also reflect that she contemporaneously reported to her primary care physician acute onset of symptoms of what she alleges was later diagnosed as connective tissue disease within ten days of receiving the flu vaccine at issue in this case. (Ex. 5, pp. 52-54.) Petitioner explicitly attributed her symptoms to her vaccination

---

[2] Petitioner also cites a prior case in which a fact finding by the special master that petitioner experienced onset of a connective tissue disorder eight days after administration of the HPV vaccine ultimately resulted in settlement and, thereby, compensation to the petitioner. *Boula v. Sec'y of Health & Human Servs*., No. 13-356V, 2014 WL 10209294 (Fed. Cl. Spec. Mstr. July 17, 2014); *Boula v. Sec'y of Health & Human Servs.,* No. 13-356V, 2015 WL 4465992 (Fed. Cl. Spec. Mstr. June 11, 2015).

and the assessment by the treating physician was hypersensitivity reaction, which is consistent with a suspicion that the symptoms were vaccine related. (*Id*. at 46.)

Although this remains very far from constituting the preponderant proof petitioner would need to prevail in this case, in the context of this combination of vaccination and injury, it is sufficient to constitute the mere "more than a scintilla" of evidence petitioner needs to demonstrate a reasonable basis for the filing of her petition. In *Cottingham*, the Federal Circuit stressed that medical records may provide circumstantial evidence of causation that can support reasonable basis. 974 F.3d at 1346 (citing *Harding v. Sec'y of Health & Human Servs*., 146 Fed. Cl. 381, 403 (2019)).[3]

## III.   Interim Attorneys' Fees and Costs and Undue Hardship

Stressing the absence of any prevailing party requirement under the Vaccine Act, the Federal Circuit has held in *Avera* that interim awards for attorneys' fees and costs are appropriate under the Vaccine Act. 515 F.3d at 1352 (citing §300aa-15(e)(1)). Nonetheless, the Circuit denied an interim award in *Avera*, because the appellants had not suffered "undue hardship." *Id.* The Circuit noted that interim awards are "particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id.* Subsequently, in *Shaw v. Secretary of Health & Human Services*, the Federal Circuit reiterated its *Avera* standard, noting that "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Although noting that an award of interim attorneys' fees and costs is within the "reasonable discretion" of the special master, decisions of the Court of Federal Claims subsequently emphasized the Federal Circuit's "undue hardship" language and cautioned that the *Avera* decision did not create a presumption in favor of interim fees and costs in all cases. *See, e.g.*, *Shaw v. Sec'y of Health & Human Servs*., 110 Fed. Cl. 420, 423 (2013). Nonetheless, it has also been noted that "the Federal Circuit in *Avera* and *Shaw* did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees." *Woods v. Sec'y of Health & Human Servs*., 105 Fed. Cl. 148, 154 (2012).

---

[3] Of note, respondent asserts that the Federal Circuit's *Cottingham* decision requires petitioner to provide more than a scintilla of evidence on each element of petitioner's prima facie case as set forth in the Vaccine Act. (ECF No. 38, p. 4 (citing *Cottingham*, 971 F.3d at 1345-46.).) While this is true, this should not necessarily be equated with a requirement that petitioner make an explicit showing with regard to each prong of the relevant causation analysis (*i.e.* each *Althen* prong or each *Loving* prong or each QAI criterion for a Table Injury). The reasonable basis inquiry obviously arises often in the cases of petitioners who have already failed in some significant way to demonstrate prima facie entitlement to compensation. Thus, in discussing petitioner's burden under a reasonable basis analysis to demonstrate more than a scintilla of evidence of causation, the Federal Circuit discussed petitioner's burden only broadly, explaining that "[b]ecause causation is a necessary element of a petition, Cottingham must point to evidence of a causal relationship between the administration of the vaccine and her injuries in order to establish that a reasonable basis for the claim existed when the petition was filed." *Cottingham*, 871 F.3d at 1346.

In *Woods*, the Court of Federal Claims observed that withdrawal of an attorney should be an important, if not deciding, factor in determining the appropriateness of an interim fee award.  105 Fed. Cl. at 154.  Specifically, "there is no reason to force counsel, who have ended their representation, to delay receiving fees indefinitely until the matter is ultimately resolved.  The special master articulated a valid concern that it was 'unknowable' whether the case would be settled, or extensively litigated to the point of determining damages.  The special master reasonably concluded that delaying a fee award to counsel who had ended their representation for an indeterminable time until the case was resolved sufficed to constitute the type of 'circumstances' to warrant an interim fee award."  *Id.*  Following *Woods*, special masters have previously observed that "after withdrawing from a case, it may be difficult for former counsel to receive a fees award, and, in such circumstances, special masters have often found it reasonable to make such interim awards."  *See, e.g.*, *Bear v. Sec'y of Health & Human Servs*., No. 11-362V, 2013 WL 691963 (Fed. Cl. Spec. Mstr. Feb. 4, 2013).

Respondent indicates that he disagrees that *Woods* is a correct reading of either *Avera* or *Shaw*.  (ECF No. 38, p. 7, n. 4.)  Moreover, respondent is unsympathetic to the situation at hand, explaining that "[s]imply because petitioners' counsel prefers to be paid now, rather than later, is not evidence of an 'undue hardship' imposed on petitioners."  (*Id.*)  However, in *Avera* the Federal Circuit explained that the hardship to petitioners exists in the effect that prolonged delay in awarding attorneys' fees and costs would have on the availability of counsel.  515 F.3d at 1352.  Moreover, the Federal Circuit made direct mention in that discussion of the time-value of money relative to delayed awards of attorneys' fees and costs, suggesting that a delay in itself can result in a hardship.  *Id.*  Specifically, the Federal Circuit indicated that "the underlying purposes of the Vaccine Act was to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims.  Denying interim fee awards would clearly make it more difficult for claimants to secure competent counsel because delaying payments decreases the effective value of awards."  515 F.3d at 1352 (internal citation omitted).  The Federal Circuit specifically cited this reasoning in *Shaw* when it reiterated the undue hardship standard.  609 F.3d at 1375.

In this case, expert reports have not yet been filed but will be necessary.  This leaves the ultimate time to resolution unknowable at this time and beyond the control of departing counsel.  Moreover, because counsel is departing due to irreconcilable differences, there can be no assumption that former counsel would have the petitioner's cooperation in seeking reimbursement of attorneys' fees and costs at a later time.  Accordingly, counsel's withdrawing weighs in favor of an interim award of attorneys' fees and costs.  Additionally, and more straightforwardly consistent with the hardship requirement articulated in *Avera* and *Shaw*, this case has been pending for approximately two years and has accrued over $30,000.00 in attorneys' fees and costs.  Some prior cases have identified an 18-month pendency or accrual of a minimum of $30,000.00 in attorneys' fees as minimum benchmarks for an award of interim attorneys' fees and costs.  *Chinea v. Sec'y of Health & Human Servs*., No. 15-95V, 2019 WL 3206829, at *2 (Fed. Cl. Spec. Mstr. June 11, 2019) (citing *Knorr v. Sec'y of Health & Human Servs*., No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017)).  For all these reasons, I conclude that an award of interim fees and costs to prior counsel is appropriate in this case.

## IV.     Reasonable Attorneys' Fees and Costs

The determination of the amount of reasonable attorneys' fees is within the special master's discretion.  *See, e.g.*, *Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam).

In this case, petitioner seeks $34,242.90 in attorneys' fees and $2,013.40 in attorneys' costs, for a total award of $36,256.30 in attorneys' fees and costs to departing counsel. (ECF Nos. 36-1, 36-2.)  The billing records filed with petitioner's motion reflect work performed from 2018 through 2021.  Upon my review, the hourly rates requested are consistent both with the OSM Forum Hourly Rate Fee Schedules for these years.[4]  The requested rates are also consistent with what has been previously awarded for work performed by this firm.

Turning to the number of hours billed in this case, I have reviewed the billing records submitted with petitioner's request and found the total hours requested for interim attorneys' fees to be reasonable.   A special master need not engage in a line-by-line analysis of petitioner's fee application when assessing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).

Additionally, I have reviewed the supporting documentation submitted with the requested amount for attorneys' costs.  The requested costs are adequately documented, appear reasonable, and will be awarded in full.

## V.     Conclusion

In light of the above, petitioner's motion for an award of interim attorneys' fees and costs is hereby **GRANTED** and petitioner is awarded $36,256.30, representing $34,242.90 in interim attorneys' fees and $2,013.40 in interim attorneys' costs.

**Accordingly, I award the total of $36,256.30 as a lump sum in the form of a check jointly payable to petitioner and Maglio, Christopher & Toale, PA.[5]**

---

[4] http://www.uscfc.uscourts.gov/node/2914

[5] The check should be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.