# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 19-632V**
**Filed: May 6, 2026**

|  |  |
|---|---|
| MARISSA SHEPPARD,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Special Master Horner |

*John Leonard Shipley, Davis, CA, for petitioner.*
*Jamica Marie Littles, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On April 30, 2019, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2] (ECF No. 1.) Petitioner alleged that she suffered arthralgia, fatigue, and muscle weakness, diagnosed as mixed connective tissue disease ("MCTD") and polymyositis, caused by her influenza ("flu") vaccination that she received on September 19, 2017. (*Id.*) On May 3, 2021, petitioner was awarded $36,256.30 for interim attorneys' fees and costs upon the departure of her initial counsel. (ECF No. 40.) On April 1, 2025, a decision was issued finding that petitioner is not entitled to compensation, and judgment entered on May 13, 2025. (ECF Nos. 82, 84.)

On June 19, 2025, petitioner filed a motion seeking a final award of attorneys' fees and costs. (ECF No. 85.) Petitioner seeks a total of $45,719.00, which includes

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

$35,443.10 for attorneys' fees and $10,275.90 for attorneys' costs.[3]  (*Id.* at 1; ECF No. 85-1; ECF No. 85-2.)  Petitioner confirmed that she did not incur any personal expenses.  (ECF No. 85-3.)  In his response, respondent agreed that the statutory requirements for an award of attorneys' fees and costs have been met in this case and deferred to the court with respect to the reasonable amount of any award of attorneys' fees and costs.  (ECF No. 86.)

The billing records reflect that all work in this case was billed at hourly rates that have previously been accepted for this counsel.  Additionally, in the undersigned's experience, the request for attorneys' fees appears reasonable overall given the specific procedural history of this case.  The costs also appear to be reasonable.  Finally, pursuant to Vaccine Rule 13(a)(3), "[t]he failure of respondent to identify with particularity any objection to a request for attorney's fees and costs may be taken into consideration by the special master in the decision."  Here, respondent has not raised any objection with particularity.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards a lump sum of $45,719.00, representing reimbursement of attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel of record, John Shipley's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

[3] The majority of the costs that petitioner seeks reimbursement for – $9,700 – represent the costs of securing Dr. Marc Serota's expert opinion.  (ECF No. 85-2, p. 1.)  Although petitioner provided proof of counsel's payment of fees to Dr. Serota, she did not provide any detailed invoice accounting for the hours Dr. Serota actually billed.  This frustrates the court's ability to assess the reasonableness of Dr. Serota's billing.  Moreover, it is violation of the Vaccine Rules that could result in a denial of the request.  *See* Vaccine Rule 13(a)(1) & Second Supplement to Appendix B.  In this one instance, however, I will permit reimbursement of this cost despite the omission because the amount at issue appears reasonable for the two expert reports that Dr. Serota submitted in this case.  *Accord Meador v. Sec'y of Health & Human Servs.*, No. 19-1333V, 2022 WL 2276288, at *3 (Fed. Cl. Spec. Mstr. June 1, 2022) (reimbursing Dr. Serota's $2,400 retainer in a case in which he did not submit a report); *Mitchell v. Sec'y of Health & Human Servs.*, No. 19-1534V, 2025 WL 3688945, at *3 (Fed. Cl. Spec. Mstr. Sept. 26, 2025) (accepting Dr. Serota's bill of $10,026.00, representing 24 hours of work at $400 per hour, in a case in which he provided a single report).  Counsel is admonished to be more careful in the future.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2